Tyson DIXON, Petitioner–Appellant,

v.

Ralph COYLE, Warden, Respondent–Appellee.

No. 00–4349.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

Tyson Dixon, an Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Dixon of aggravated murder, aggravated robbery and a firearm specification in connection with the deaths of Maurice LeFlore and Joyce Woolley. Dixon was originally sentenced to death. On appeal, the Ohio Court of Appeals remanded the case for resentencing. The Ohio Supreme Court denied further review, and the trial court resentenced Dixon to life without parole for thirty years for the murders, ten to twenty-five years for robbery, and three years for the firearm specification. Dixon filed a petition for a writ of habeas corpus in September 1998. He raised two claims: (1) the state violated his right to confrontation by allowing his codefendant's statement into evidence; and (2) he was improperly prevented from impeaching the witness with the witness' juvenile record. The magistrate judge reviewed the claims on the merits and recommended denying the petition. The district court adopted the magistrate judge's report and recommendation over Dixon's objections, denied the petition, but granted Dixon a certificate of appealability on both claims.

On appeal, Dixon reasserts his district court claims and argues that the errors were not harmless.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). A district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Upon review, we conclude that the district court properly dismissed Dixon's petition. Dixon and Romell Wilkes were charged with the murders and robberies of LeFlore and Woolley. Before Dixon's trial, Wilkes pleaded guilty to two counts of aggravated murder with specifications and was sentenced to life imprisonment without the possibility of parole for twenty years. Pursuant to a plea agreement, Wilkes agreed to testify against Dixon. However, when the prosecution called him to the stand, Wilkes refused to testify. The trial court declared Wilkes unavailable and permitted the state to read into the record a written statement Wilkes made the day he was arrested. In the statement, Wilkes admitted that he entered Woolley's Ford Explorer with Dixon as part of a plan to rob LeFlore of cocaine and money. He said that he was with Dixon in the Explorer when Dixon shot Woolley and LeFlore, and saw Dixon pull LeFlore out of the car and search him.

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Wilkes stated further that both he and Dixon fled the scene after the killings, washed blood from their clothes, and helped dispose of the murder weapon. The trial court refused to permit Dixon to impeach Wilkes's testimony with evidence of Wilkes's juvenile record. The district court concluded that any error in either admitting Wilkes's statement or excluding his juvenile record was harmless.

We agree with the district court that any violation of the Confrontation Clause presented in Dixon's two habeas claims was harmless error. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Norris v. Schotten,* 146 F.3d 314, 330 (6th Cir.1998). "[T]he harmless error standard announced in *Brecht* [*v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993),] applies even if a federal habeas court is the first to review for harmless error." *Gilliam v. Mitchell,* 179 F.3d 990, 995 (6th Cir.1999), *cert. denied,* 528 U.S. 1120, 120 S.Ct. 945, 145 L.Ed.2d 821 (2000). Neither the admission of Wilkes's statement nor the exclusion of his juvenile record had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710; *see also Doan v. Brigano,* 237 F.3d 722, 736 (6th Cir.2001); *Gilliam,* 179 F.3d at 995.

First, the jury found specifically that Dixon was not the principal offender in the commission of the aggravated murders and convicted him on the basis of accomplice liability. *See* Ohio Rev.Code § 2923.03(F). Thus, the jury rejected Wilkes's attempt to shift the blame to Dixon.

Second, there was extensive evidence aside from Wilkes's statement that linked Dixon to the victims and the crimes. Dixon admitted to being in Woolley's vehicle when the victims were shot. Several witnesses saw Dixon pull LeFlore out of the driver's seat, and one testified that Dixon patted LeFlore down before running off.

The police recovered the murder weapon and traced it to Dixon's uncle, who testified that he had not seen the weapon for some time and that Dixon had access to it.

Finally, Dixon's account of the crime was not credible or consistent with the evidence. Dixon testified that a third man was in the Explorer, shot the victims, robbed LeFlore and left. The only witness to corroborate this version at trial gave a different account when first interviewed by the police. At that time, he stated that he saw Dixon and Wilkes get into Woolley's car and did not mention a third person. Under all of the evidence, there is no basis for grave doubt as to whether a trial error of federal law substantially affected the jury's verdict. *See O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).

For the foregoing reasons, we affirm the district court's order.